IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:23-CR-057 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| ANA CHRISTINA ROYCE, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Defendant, a drug user prohibited from possessing firearms, lied on the firearms purchasing forms surrounding her purchases of three guns. She purchased the guns for convicted felons and drug dealers. Two of the three guns purchased by Defendant were later recovered by police under concerning circumstances, including one that was used in a shooting. One of the guns has yet to be recovered. The Court should impose a guideline sentence of 57 months in prison.

**ADVISORY GUIDELINES RANGE**

The parties agree the Guideline range should be calculated as follows:

| | |
|---|---|
| Base offense level (§2K2.1(a)(4)(B)) | 20 |
| 3 to 7 firearms (§2K2.1(b)(1)(A)) | +2 |
| Firearms trafficking (§2K2.1(b)(5)) | +4 |
| Acceptance of responsibility (§3E1.1) | - 3 |
| Total offense level | 23 |

Criminal History:                    I

Guidelines range:                    46 to 57 months

Subsequent to the filing of the Final PSR, counsel for Defendant notified the government and the United States Probation Officer that Defendant was

1

withdrawing her objections to the guideline calculation contained in the PSR.  Thus, there are no guideline issues for the Court to resolve.  Additionally, the government believes all of the factual issues to the PSR were resolved by the United States Probation Officer.  To the extent the objection to paragraph 44 remains, the unobjected to information in the PSR shows that while Defendant may have purchased the Taurus, in part, for herself, she also allowed multiple other individuals to possess and shoot that gun.  (PSR  ¶¶ 23, 27, 31, 32, 34, 38, 40.)  Further, it was purchased for at least joint use by her significant other, Alex Simon.  Thus, the Court should overrule Defendant's objection to paragraph 44.

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 57 MONTHS'**

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
     A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
     B. to afford adequate deterrence to criminal conduct;
     C. to protect the public from further crimes of the defendant; and
     D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).  For the reasons that follow, the § 3553(a) factors support a sentence of 57 months' imprisonment.

Straw purchasing cases, like Defendant's, present a heightened danger to the public. But, they also present the Court with an opportunity to address the root of the gun violence problems plaguing our communities. Unlike with some crimes, where the head of the snake is never able to be neutralized, straw purchasing cases allow the Court to do just that – stop the person who is the source of guns to criminals from buying more guns, while simultaneously sending a message to people who may be contemplating doing the same thing.

While straw purchasing cases are all serious, Defendant's presents facts that are especially aggravating. Defendant, who was herself prohibited, shouldn't have been buying guns in the first place. Yet she bought firearms for people she knew were prohibited and involved in other crimes, including drug trafficking. What we then saw happen is the exact reason these straw purchasing crimes should be taken so seriously. Because, once guns get into the hands of criminals, the potential for them to be used over and over in the unregulated stream of illegal commerce becomes very real. Here, Defendant's guns were used in connection with a shooting (GX1), found in the possession of a carjacker in a different state (PSR ¶ 43), and found in the possession of someone using drugs (PSR ¶ 43, GX2). One of the guns she bought (which she claims in her objections was solely for herself) hasn't yet been recovered. Thus, the damage it could cause in the future has yet to materialize.

Although Defendant does not have any criminal history, that is not unusual in straw purchaser cases. And, in fact, is what allows them to buy firearms at gun stores and commit these crimes. Despite not having a criminal history, Defendant's conduct

in this case was repeated.  It didn't just involve multiple sales on two different dates, but it also involved the taking of these guns, with at least two felons, to gun ranges and attaching extended magazines to the guns.  Clearly her behavior stems at least partially from her choices in with whom she associates.  Her performance on pretrial release demonstrates that she may not yet be ready to terminate these antisocial contacts.

Defendant's behavior demonstrates a danger to the community that actually materialized.  The aggravating factors in this case far outweigh any mitigating factors.  A sentence of imprisonment is warranted in this case to not only address the serious nature of Defendant's crimes, but also to send a message to other people that may be contemplating buying guns illegally for others.

## CONCLUSION

The Court should impose a sentence of 57 months' imprisonment.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By:  */s/ Kristin M. Herrera*
Kristin M. Herrera
Assistant United States Attorney
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: kristin.herrera@usdoj.gov

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2024, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.  I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

\_\_\_\_ U.S. Mail  \_\_\_\_ Fax  \_\_\_\_ Hand Delivery

 X  ECF/Electronic filing  \_\_ Other means (email)

UNITED STATES ATTORNEY
By:    */s/Kristin M. Herrera, AUSA*